**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

_____

LOYDALE KIRVEN,

     Plaintiff,

v.                                                                    No. 20-cv-568 WJ-LF

CURRY COUNTY DETENTION CENTER, *et al*,

     Defendants.

**<u>MEMORANDUM OPINION AND ORDER</u>**

     This matter comes before the Court following Loydale Kirven's failure to prepay the filing fee for his *pro se* prisoner civil rights action (Doc. 1).  By an Order entered June 15, 2020, the Court denied Kirven's *in forma pauperis* motion and directed him to prepay the $400 civil filing fee within thirty days.  (Doc. 3) (IFP Order).  Kirven is not eligible to proceed *in forma pauperis* because he filed over three prior civil rights actions while incarcerated, which were dismissed as frivolous and/or failure to state a claim.  *See* 28 U.S.C. § 1915(g); *see also Kirven v. Central New Mexico Correctional Facility*, 13-cv-217 MCA/SMV; *Kirven v. McIlwain*, 07-cv-958 JB/CG; *Kirven v. Curry County Detention Center*, 06-cv-1212 JB/WDS; and *Kirven v. FNU Stanfill,* 18-cv-1204 WJ-GJF.

     The deadline to prepay the filing fee was July 15, 2020.  The IFP Order warned that the failure to timely comply will result in dismissal of this case without further notice.  (Doc. 3 at 2).  Kirven did not prepay the fee.  Instead, he asked the Court to reconsider its three-strike determination based on his prior argument about imminent danger.  In his original filings, Kirven acknowledged he has three strikes and attempted take advantage of the exception for "specific,

credible allegations of 'imminent danger.'" *Kinnell v. Graves*, 265 F.3d 1125, 1127 (10th Cir. 2001) (quoting 28 U.S.C. § 1915(g)).  However, as the Court previously explained, the Complaint includes no specific allegations and only states: "Pursuant to the 3 strike rule, imminent danger and injury does exist."  (Doc. 1 at 5).  The Complaint pertains to Kirven's injured leg, which he broke after repeatedly kicking a door at the Curry County Detention Center.  A guard allegedly refused to open a door when Kirven needed to use the restroom.  The guard warned Kirven not to kick the door, and noted Kirven's leg would break before the door ever gave way.  Nevertheless, Kiven alleges he kicked the door thirty or more times, and kept kicking even after he heard a pop in his leg.  Prison officials took Kirven to an orthopedic surgeon, who fitted him with a cast-boot and crutches.  Kirven contends prison officials "attacked [his] fortitude" and that they hate him. The IFP Order concluded that these facts do not show a specific, credible threat of imminent danger.

In his instant filing, Kirven appears to admit that his Complaint "does in fact parrot[] [the] imminent danger" standard.  (Doc. 5 at 1).  However, he alleges the claims "must move forward" because prison officials left the doors open for white inmates to use the restroom, while making Kirven seek permission.  *Id.*  He explains he "kick[ed] the door to get [a] Sgt.['s] attention to stop this injustice."  *Id.*  Kirven also alleges "this Court is against [him] for speaking out."  *Id.*

The Court is not against Kirven, nor has it commented on the merits of his claims.  The Court is simply enforcing the mandatory provisions of 28 U.S.C. § 1915(g), which Congress "designed to prevent sportive filings in federal court."  *Skinner v. Switzer*, 562 U.S. 521, 535 (2011).  As the IFP Order already explained, the fact that Kirven cannot prosecute his equal protection claim right now does not pose an imminent danger.  The Court will therefore deny his Motion to Reconsider (Doc. 5).  Because Kirven failed to prepay the filing fee as directed, the

Court will also dismiss this action under Fed. R. Civ. P. 41(b).  *See Olsen v. Mapes,* 333 F.3d 1199, 1204 n. 3 (10th Cir. 2003) ("Rule 41(b) … has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with the … court's orders.").  The dismissal is without prejudice to refiling the Complaint when Kirven can prepay the filing fee.  *See Woodson v. McCollum*, 875 F.3d 1304, 1306 (10th Cir. 2017) ("The three-strikes rule does not totally bar prisoners with three strikes from filing lawsuits; it just makes them pay the filing fee as any other plaintiff.").

**IT IS ORDERED** that the Motion to Reconsider (**Doc. 5**) is **DENIED.**

**IT IS FURTHER ORDERED** that Loydale Kirven's Civil Rights Complaint (**Doc. 1**) is **DISMISSED without prejudice**; and the Court will enter a separate judgment disposing of this civil case.

**SO ORDERED.**

_____
CHIEF UNITED STATES DISTRICT JUDGE